IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE    )
           )  ID No.'s 1209019437, 1210007375
           )  In and For Kent County
 v.         )
           )
           )
MICHAEL D. HARRIS,   )
           )
  Defendant.    )

## O R D E R

On this 3rd day of March, 2017, upon consideration of the Defendant's Motion For Postconviction Relief Pursuant to Superior Court Criminal Rule 61, the Commissioner's Report and Recommendation and the record in this case, it appears that:

1. The Defendant, Michael D. Harris ("Harris"), pled guilty on March 13, 2013, to one count of Drug Dealing, 16 *Del. C.* § 4754(1), one count of Assault Second Degree, 11 *Del. C.* § 612, two counts of Offensive Touching of Law Enforcement Officer lesser included offense of Assault Second Degree, 11 *Del. C.* § 601(a)(1), and one count of Resisting Arrest, 11 *Del. C.* § 1257. In exchange for Harris' plea, the State entered *nolle prosequis* on the remaining charges. As part of the plea agreement, the Court sentenced Harris to twenty years at Level V, suspended after eight years followed by various levels of probation.

2. The Defendant did not appeal his conviction or sentence to the Delaware Supreme Court; instead he filed, *pro se*, the pending Motion For Postconviction Relief pursuant to Superior Court Criminal Rule 61. The Court signed an Order requesting that the Office of Conflicts Counsel appoint counsel for Harris. After

review, Appointed Counsel determined that there were no meritorious grounds for relief and on May 11, 2015 Appointed Counsel filed a Motion to Withdraw. On July 9, 2015, the Court granted Appointed Counsel's Motion to Withdraw. In Harris' original and amended motions the Defendant raises the following grounds for relief: 1) ineffective assistance of counsel; 2) under *Alleyne v. United States*, 133 S. Ct 2151 12013 (sic); and 3) inefftive (sic) assistance of counsel, claim two.

3. On April 7, 2014, Harris filed a Motion to Amend his Rule 61 adding the following ground: 1) newly discovered evidence.

4. On May 21, 2015, Defendant filed an "Amendment of Motion for Postconviction" stating the following ground: 1) the stop performed was illegal and in violation of the Fourth Amendment of the United States Constitution and Article 1 Section 6 of the Delaware Constitution.

5. The Court referred this motion to Superior Court Commissioner Andrea M. Freud pursuant to 10 *Del. C.* §512(b) and Superior Court Criminal Rule 62 for proposed findings of facts and conclusions of law.

6. The Commissioner has filed a Report and Recommendation concluding that the Motion For Postconviction Relief should be denied, because it is procedurally barred and completely meritless.

**NOW, THEREFORE,** after *de novo* review of the record in this action, and for reasons stated in the Commissioner's Report and Recommendation dated January 30, 2017,

**IT IS ORDERED** that the Commissioner's Report and Recommendation is adopted by the Court, and the Defendant's Motion for Postconviction Relief is

**denied** as procedurally barred and meritless.


                                       /s/ Robert B. Young
                                                   J.

RBY/lmc
oc:    Prothonotary
cc:    Honorable Andrea M. Freud
        Jason C. Cohee, Esq.
        Anthony J. Capone, Esq.
        Alexander W. Funk , Esq.
        Michael D. Harris, JTVCC